BRIAN H GETZ, ESQ. (CSBN: 85593)
LAW OFFICES OF BRIAN H GETZ
90 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone: (415) 912-5886
Facsimile: (415) 358-4770
Email: brian@briangetzlaw.com

Attorney for Defendant
LUIS CID-SALINAS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>    vs.<br><br>LUIS CID-SALINAS,<br><br>                       Defendant. | Case No.: 3:18-CR-00119-RS<br><br>**DEFENDANT LUIS CID-SALINAS' SENTENCING MEMORANDUM**<br><br>Date:    April 2, 2024<br>Time:   9:30 a.m.<br>Dept.   Courtroom 3, 17th Floor<br>Judge:  Hon. Richard Seeborg |
|---|---|

## INTRODUCTION

Mr. Cid-Salinas will appear before this Court on April 2, 2024, for sentencing upon his plea of guilty to Counts 7 and 14: Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and (2) and Counts 8 and 15: Use of a Firearm Causing Murder, in violation of 18 U.S.C. § 924(j)(1) and (2).

## ARGUMENT

In determining the appropriate sentence for Mr. Cid-Salinas, the Court must consider all of the statutory sentencing factors set forth at 18 U.S.C. § 3553, including, among other factors, (1) the history and characteristics of the defendant; (2) the nature and circumstances of the offense; (3) the need to reflect the seriousness of the offense; (4) the need to provide just punishment for the offense; and (5) the applicable sentencing range under the advisory sentencing guidelines. 18 U.S.C.

§ 3553(a); *United States v. Booker*, 543 U.S. 220 (2005). Sentencing guidelines are not mandatory; rather, they are among several factors for the court to contemplate when delivering a sentence. *United States v. Gall*, 552 U.S. 38, 50 (2007). A court must impose a sentence "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a); *Kimbrough v. United States*, 552 U.S. 85, 575 (2007).

### I. History and Characteristics of Mr. Cid-Salinas.

Mr. Cid-Salinas, age 39, has been under the custody of the Bureau of Prisons for a decade. Presentence Investigation Report ("PSR") ¶ 92. He was born on December 21, 1984, in Mexico City, Mexico. PSR ¶ 93. Mr. Cid-Salinas' childhood was marked by parental neglect. He and his four siblings were raised by his grandmothers because his mother was consistently working, often spending long hours away from home. PSR ¶ 94. Mr. Cid-Salinas' father was always absent. *Id*. When his father was at home, he was physically abusive to his mother. *Id*. As a child, Mr. Cid-Salinas witnessed his father physically abusing his mother on numerous occasions. *Id*. Mr. Cid-Salinas experienced abuse himself and that abuse is evidenced by his Adverse Childhood Experiences (ACEs) score of 8 out of 10. PSR ¶ 102. The family lived in poverty, with his mother struggling to provide for her children in the absence of their father. PSR ¶ 94. Instead of attending school, Mr. Cid-Salinas sold gum and candy at gas stations to help support the family financially. *Id*.

Throughout his childhood, Mr. Cid-Salinas encountered even greater obstacles. He endured bullying from other children and became a target for robberies and beatings. *Id*. To this day, Mr. Cid-Salinas lacks four teeth and has a partial denture because of these physical assaults during his younger years. PSR ¶ 94, 99. Mr. Cid-Salinas also witnessed violence within his community. PSR ¶ 94. At the age of nine, he was sexually abused by a relative. PSR ¶ 95. The abuse lasted over the span of several years. *Id*. He began drinking alcohol as a teenager and consumed alcohol daily. PSR ¶ 103.

At the age of 17, Mr. Cid-Salinas immigrated to the United States. PSR ¶ 96. Mr. Cid-Salinas became affiliated with the Sureños between the ages of 18 and 20, during the period of 2003 to 2005. PSR ¶ 38. He attributes this to being "brainwashed by the leaders of the gang," "young," "naïve," and being "scared for [his] own life." PSR ¶ 56. Mr. Cid-Salinas began using cocaine in his mid-20s, which played a role in his criminal conduct, persisting in regular usage for several years. PSR ¶ 103.

| | |
|---|---|
| 1 | Mr. Cid-Salinas found himself in trouble with the law, with a series of arrests for crimes between 2004-2009. PSR ¶¶ 81-82, 87-89. He was deported as an undocumented immigrant in 2007, and in 2008, he unlawfully returned to the United States. PSR ¶ 96. Mr. Cid-Salinas was deported once more in 2009 but was discovered in San Francisco in 2013. PSR ¶ 83. He persistently returned without authorization due to the poverty, limited job opportunities, and high crime rates in Mexico. He lacked family support, as the family had abandoned him. Though he understood that it was wrong, he felt compelled to return to reunite with his family. |

Mr. Cid-Salinas found himself in trouble with the law, with a series of arrests for crimes between 2004-2009. PSR ¶¶ 81-82, 87-89. He was deported as an undocumented immigrant in 2007, and in 2008, he unlawfully returned to the United States. PSR ¶ 96. Mr. Cid-Salinas was deported once more in 2009 but was discovered in San Francisco in 2013. PSR ¶ 83. He persistently returned without authorization due to the poverty, limited job opportunities, and high crime rates in Mexico. He lacked family support, as the family had abandoned him. Though he understood that it was wrong, he felt compelled to return to reunite with his family.

Mr. Cid-Salinas married Angelica Rebolledo Gomez in 2011. PSR ¶ 97. After a decade of marriage, they separated due to Mr. Cid-Salinas' incarceration. *Id*. They have three children together: Luis Cid Rebolledo, age 18; Guillermo Cid Rebolledo, age 17; and Erick Cid Rebolledo, age 14. *Id*. Before his arrest, he provided for his family by working as a painter for various companies, serving in restaurants, installing carpet and flooring, and selling clothing. PSR ¶ 106. Mr. Cid-Salinas' incarceration has proven challenging not just for his ex-wife, but also for his children. *Id*. Yet, he remains actively involved in their lives, maintaining a close relationship, and frequently communicating with them. PSR ¶ 97.

Mr. Cid-Salinas lost his mother to brain cancer in 2012, and his brother was murdered while incarcerated. PSR ¶ 93. While grappling with anxiety and depression, he engages in counseling, regularly speaking with a therapist through the Bureau of Prisons. PSR ¶ 101. He has completed over 40 educational courses, obtained his high school diploma from Five Keys in 2022, and worked as a GED tutor. PSR ¶ 84, 105. He has also worked as an orderly and in food service within the prison. PSR ¶ 84. Mr. Cid-Salinas hopes to continue this type of work when released. Currently, Mr. Cid-Salinas is registered in Narcotics Anonymous and anger management courses. PSR ¶ 98. He has maintained sobriety for more than a decade and has upheld a clean disciplinary record throughout his 10-year incarceration. PSR ¶ 84, 104. He communicates with his father and siblings, who are informed about the current offenses and offer him their support. PSR ¶ 93.

//

//

## II. The Nature of the Offense.

Mr. Cid-Salinas pleaded guilty to Counts 7 and 14: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) and 2) and Counts 8 and 15: Use of a Firearm Causing Murder (18 U.S.C. §§ 924(j)(1) and 18 U.S.C. § 2). All counts stem from Mr. Cid-Salinas' participation in orchestrated murders during his affiliation with the Sureños street gang.

Mr. Cid-Salinas was involved in two murders, along with other non-fatal shootings: one in March 2006, involving the murder of Rolando Valladares, and the other in March 2013, the murder of Jacob Valdiviezo. Mr. Cid-Salinas was 21 years old at the time of the first murder. The Sentencing Commission has recognized neurological research showing brain development is not fully realized in most people until they turn 25 years old.[1] Mr. Cid-Salinas has acknowledged that he was not acting reasonably, describing it as being "brainwashed." PSR ¶ 56.

## III. The Need for Sentence Imposed to Reflect Seriousness, Promote Respect, and Provide Just Punishment.

Mr. Cid-Salinas has pleaded guilty and accepted responsibility for his crimes. PSR ¶ 76. Since his incarceration, he has accepted responsibility for his actions. *Id*. He fully admits that he committed the actions of which he is accused, expressing remorse by stating, "I take full responsibility for my actions. I understand that I was wrong, I wish I knew better. I sincerely apologize to the victims, to the family of the victims, to their friends and to all of the community. I'm sorry for the pain and suffering that I caused, I wish that I could go back in time … I'm sorry." PSR ¶ 56. While recognizing that the past cannot be altered, Mr. Cid-Salinas has taken steps to distance himself from gang life by undergoing gang-related tattoo removal procedures. PSR ¶ 100. He officially withdrew from the Sureños in 2020. PSR ¶ 38. Now that he is clean and sober, he has reflected upon the seriousness of his offenses and strives to become a better member of society. PSR ¶ 98.

//

---

[1] *See* U.S. Sentencing Commission, "Youthful Offenders in the Federal System," May 2017, at 7, *available at* http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf.

## IV. The Guidelines Sentencing Range.

Mr. Cid-Salinas' total offense level is 42, criminal history category is IV, and the guideline range is life. There are no disputes about the applicable guideline range and the presentence report accurately calculates both the final offense level and Mr. Cid-Salinas' criminal history.

DATED: March 24, 2024

Respectfully submitted,

LAW OFFICES OF BRIAN H GETZ

 /s/ Brian H Getz
BRIAN H GETZ
Attorney for Defendant
LUIS CID-SALINAS