ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MATTHEW M. YELOVICH (NYBN 4897013)
Deputy Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-7234
    Email: andrew.scoble@usdoj.gov
           richard.ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 18-CR-00119-03 RS |
| Plaintiff, | ) GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) Date: April 8, 2024 |
| JUAN CARLOS GALLARDO, | ) Time: 9:30 a.m. |
| Defendant. | ) Courtroom: Hon. Richard Seeborg |

## I. INTRODUCTION

Defendant Juan Carlos Gallardo has pled guilty to Counts One, Two, Three, and Thirteen of the Indictment, charging Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5), Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(6), and Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death in violation of 18 U.S.C. §§ 924(j)(1) and 2, respectively. For the reasons below, the Government respectfully requests that the Court accept the parties' proposed plea agreement and agreed sentence, with which U.S. Probation agrees, and sentence Gallardo to a term of twenty-two years (264 months), five years of supervised

release, restitution in an amount to be determined, and a $400 special assessment ($100 per count). The government also moves the Court to dismiss Count Twelve upon imposition of judgment.

## II. PROCEDURAL HISTORY

Gallardo was indicted on March 20, 2018, and arrested April 5, 2018. ECF 1 (Indictment); PSR ¶ 20. Gallardo pled guilty on October 10, 2023. PSR ¶ 18. Sentencing is set for April 8, 2024, at 9:30 a.m.

## III. GUIDELINES CALCULATIONS

The government agrees with U.S. Probation regarding the Guidelines calculations stated in the Presentence Report ("PSR"), ¶¶ 55-76 except that the Government respectfully requests that the Court grant a one-level downward departure pursuant to U.S.S.G. § 5K2.0(a)(2)(B) due the global (or "wired") nature of the plea agreement. *See* ECF 537, ¶ 7(c) (Gallardo Plea Agreement). After application of this one-level departure, Gallardo' total offense level is 40.

The government agrees with U.S. Probation that Gallardo has eight criminal history points and falls within CHC IV. PSR ¶¶ 82-84. An offense level of 40 and CHC IV yield an advisory Guidelines range of 360 months to life.

## IV. THE OFFENSE CONDUCT

### A. The 19th Street/16th Street Sureños Racketeering Enterprise

The 19th Street/16th Street Sureños enterprise is a street gang that has for decades engaged in violence and other criminal conduct in San Francisco's Mission District. PSR ¶¶ 28, 29, 32, 36. Their crimes include murder, attempted murder, drug distribution, robbery, witness tampering, and obstruction of justice. ECF 537, ¶ 2(i). One of the most pernicious and dangerous aspects of the gang is that violence begets respect and standing, which incentivizes gang members to engage in ever more brazen and violent conduct. PSR ¶ 32.

This culture of violence goes both ways; Sureños and Norteños kill each other with equal disregard for human life. Id. The willingness of enterprise members to resort to deadly violence in public and with little provocation endangers the public, and innocents have been injured and killed by the gang's activities on many occasions. Id.

### B. The Murder of Victim-6

Victim-6 was a sixteen-year-old party goer whom Gallardo shot to death on February 28, 2009. Shortly after midnight on that day, he and other Sureños arrived at a birthday party in Richmond, California. Id., ¶ 2(m)(i); PSR ¶ 39. They had only intended to attend the party socially, but shortly after arriving, they realized that Norteños were at the party. Id. Gallardo decided to act; he approached the property's fence line and fired repeatedly into the assembled crowd of party goers; a sixteen-year-old boy—Victim 6—died from Gallardo's gunfire. Gallardo Plea Agreement ¶ 2(m)(i); PSR ¶ 39. Gallardo murdered Victim-6 practically on a whim; the death was at once senseless and entirely typical of the pattern of violence in which the enterprise has been engaged for decades.

V. **ARGUMENT**

The section 3553(a) factors support the agreed disposition in the aggregate. Specifically, the Guidelines range, nature of the offense, need for just punishment, and need for general deterrence weigh in favor of a relatively higher sentence, while Gallardo's mitigating history and characteristics weigh in favor of a relatively lower sentence. The agreed disposition appropriately balances these competing factors.

### A. The Agreed Sentence is a Downward Variance from the Guidelines

Consideration of the Guidelines range is required as part of a section 3553(a) analysis. *See* 18 U.S.C. § 3553(a)(4). Although the Guidelines are advisory, they must be correctly calculated as a starting point and initial benchmark. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Cuevas-Lopez*, 934 F.3d 1056, 1061 (9th Cir. 2019). Here, the agreed disposition, which U.S. Probation supports, represents a substantial downward variance from the low-end of the Guidelines, which is 360 months.

### B. The Offense Conduct is Serious, and the Need for Just Punishment is High

Gallardo has been a member of the 19th Street Sureños, one of the two street gangs that together form the 19th Street/16th Street Sureños enterprise, since at least 2003. Gallardo Plea Agreement ¶ 2(i). He participated in the affairs of the enterprise by committing robberies and assaulting rivals and perceived rivals Id., ¶ 2(j). He also knew that members of the enterprise would attack and kill rival gang members, usually Norteños. Id.

Despite Gallardo's longtime membership in the enterprise, he was not known as a particularly

violent or prolific gang member. However, with the murder of Victim-6 on February 28, 2009, Gallardo took a more active and violent role in the enterprise, seemingly with very little prompting. This gravely serious conduct demands a significant penalty.

### C. Gallardo Poses a Modest Future Danger

Gallardo's more recent history suggests he no longer poses the same danger he once did. Now 35 years old, Gallardo has reached or is at least approaching an age at which many (though not all) gang members begin to move on from their violent and criminal pasts. Although Gallardo does have recent arrests and convictions from shortly before his arrest on this case, they were for theft offenses not involving weapons or violence. PSR ¶¶ 80-81, 87. Gallardo's only conviction prior to this case for anything involving violence was a misdemeanor battery conviction in 2009. PSR ¶ 79. Gallardo did at one time carry firearms in connection with the enterprise, but there are no recent examples of that conduct. Gallardo Plea Agreement ¶ 2(k).

In sum, although the 2009 murder of Victim-6 is the gravest of crimes, it is singular in Gallardo's history. If the Court accepts the parties' agreed disposition, Gallardo will be in his late 40s by the time he is released from BOP custody (assuming he receives the maximum possible good time credit). It seems like that the danger Gallardo will pose at that time will be considerably less than he has posed in the past and poses now. This factor therefore weighs in favor of the proposed disposition.

### D. Gallardo' History and Characteristics are Largely Mitigating

Gallardo's disadvantaged background is mitigating. PSR ¶¶ 96-97, 99. Although his family is described as loving and supportive, they were unable to provide for many of Gallardo's basic needs. PSR ¶¶ 95-96. Moreover, although his parents could not have understood the importance of their decision at the time, locating the family at 16th and Mission Streets placed Gallardo in the dead center of the Mission's worst gang violence and the heart of Sureño enterprise territory. PSR ¶¶ 29, 96. It is entirely likely that Gallardo's early involvement with the enterprise could have been avoided had he simply lived at a different address.

On the other hand, Gallardo has now been a member of the gang for more than 20 years.[1]

---

[1] The government's most recent information is that Gallardo continues to house with Sureños in custody and has not dropped out of the gang. *See* PSR ¶ 86 (describing an incident in June 2023 in

Although his crimes are largely nonviolent—with the obvious and important exception of the 2009 murder—his criminal career spans his entire adult life. PSR ¶¶ 79-81, 85-93.

### E. The Agreed Sentence Does Not Create Unwarranted Disparities

In selecting the appropriate sentence, the Court should also seek to avoid unwarranted disparities, and the agreed disposition achieves this. 18 U.S.C. § 3553(a)(6). The Judiciary Sentencing INformation system (JSIN) provides information regarding sentencing data from across the federal system. Probation has provided information for offenders with a primary guideline of § 2A1.1, a final offense level of 41, and a criminal history category of IV. PSR ¶ 132. However, if the Court grants the one level reduction for global disposition, which both parties agree applies, the total offense level would be 40.

Offenders with a primary guideline of § 2A1.1, a final offense level of 40, and a criminal history category of IV have received an average term of imprisonment of 242 months and a median term of imprisonment of 240 months. *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited March 13, 2024). The agreed disposition—264 months—is close to these averages and does not create an unwarranted disparity with similarly situated defendants.

### VI. CONCLUSION

Gallardo's conduct, and in particular the murder of Victim-6, is of the utmost seriousness and would, without other considerations, merit a Guidelines sentence. However, the mitigating factors discussed above weigh in favor of the agree disposition, which would be a sentence sufficient but not

//
//
//
//
//
//
//

which Gallardo and co-defendants confronted and battered another inmate).

greater than necessary to achieve the aims of punishment articulated in 18 U.S.C. § 3553(a).  The government respectfully requests that the Court impose the agreed sentence.

DATED:  April 1, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/ *Richard Ewenstein*
_____
ANDREW M. SCOBLE
RICHARD EWENSTEIN
Assistant United States Attorney